IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of: | NO.  19 B 20438 |
| Patrice Webb | Judge Timothy A. Barnes |
| Debtors | Chapter 13 |

### OBJECTION TO CONFIRMATION

Now comes HERITAGE ACCEPTANCE CORPORATION, a creditor herein, by SHERMAN & PURCELL LLP, its attorneys, and for its objection to confirmation of the debtor's proposed Chapter 13 plan respectfully represents as follows:

1. That Heritage Acceptance Corporation is the creditor of the Debtors with respect to a debt secured by a 2012 Kia Sedona, said debt is to be paid directly pursuant to the plan in part 3.3.

2. At the time this case was filed the payments to Heritage Acceptance Corporation were in arrears in the amount of $198.25.  The plan does not provide for these arrears.

3. The interest rate should read 21.6878% and the payments are $198.25 bi weekly.

4. If the following language were added to the existing language in part 8.1 it would resolve the objection.  "That the Debtor will make all pre and post petition payments directly to Heritage Acceptance Corporation pursuant to the terms of the contact and not part 3.3 of the plan and the debt shall not be discharged pursuant to Section 1328 of the Bankruptcy Code.  Heritage Acceptance Corporation shall retain its lien until the underlying retail installment contract is fully paid pursuant to applicable non bankruptcy law.  Heritage Acceptance Corporation is allowed $500 in attorneys fees to this debt and may add $500 to the amount of the indebtedness for its costs of collection to be paid directly by the Debtor without further order, hearing or proof of claim."

5. This is also because the plan fails to provide plan completion terms and is silent as to whether or not the plan may complete if the Debtor does not make the required payments directly to Heritage Acceptance Corporation.  There appears to be no mechanism, status date, or hearing for the trustee to

determine whether or not the direct payments were made, thus allowing the plan to complete. The plan could complete before those payments are made and therefore the debt should not be discharged.

6. "The debtor has the burden of proving that its proposed plan is confirmable. *Matter of Wolff*, 22 B.R. 510, 512 (9th Cir. BAP 1982); *In re Moore*, 319 B.R. 504, 515 (Bankr. S.D. Tex 2005); *In re Hogue*, 78 B.R. 867, 872 (Bankr. S.D. Ohio 1987). In the face of what appear to be valid Complaints, see e.g., *In re Brown*, 339 B.R. 818, 821 (Bankr. S.D. Ga. 2006); [*3] *In re Murray*, 346 B.R. 237 (Bankr. M.D. Ga 2006); *In re Sparks*, 346 B.R. 767 (Bankr. D.D. Ohio 2006); *In re Wampler*, 45 B.R. 730 (Bankr. D. Kan. 2006); *In re Bufford*, 343 B.R. 827 (Bankr. N.D. Tex 2006). To which the debtor has offered no response, the court is left with the little alternative other than to sustain the objections". In re Posey, 2006 Bankr LEXIS 2472.

WHEREFORE, HERITAGE ACCEPTANCE CORPORATION prays that this Honorable Court enter an Order denying confirmation of the Debtor's proposed Chapter 13 plan, for entry of an Order dismissing this Chapter 13 case, and for such other and further relief as this Court may deem just and equitable.

| | |
|---|---|
| Christopher H. Purcell<br>Sherman & Purcell LLP<br>112 Cary Street<br>Cary, Illinois 60013<br>Shermlaw13@aol.com<br>Phone: (312) 372-1487 | HERITAGE ACCEPTANCE CORPORATION<br><br>BY: _____/s/ Christopher H. Purcell_____<br>One of its Attorneys |

CERTIFICATE OF SERVICE

I, the above signed attorney, certify that on September 3, 2019, I electronically filed the foregoing Objection with the Clerk of the Court using the ECF system which sends notifications of such filing to the following:

Andrew Carroll, Attorney for the Debtor
Marilyn O. Marshall, Chapter 13 Trustee
Patrick S. Layng, U.S.T. Region 11